*Dembski v. SEC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand eighteen.

PRESENT:
BARRINGTON D. PARKER,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

TIMOTHY S. DEMBSKI,

     *Petitioner*,

     v.              No. 17-1553-ag

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

     *Respondent*.

_____

| | |
|---|---|
| For *Petitioner*: | Paul Batista, Paul Batista, P.C., New York, NY. |
| For *Respondent*: | Michael A. Conley, Solicitor, Dominick V. Freda, Assistant General Counsel, John B. Capehart, Senior Counsel, *for* Robert B. Stebbins, General Counsel, Securities and Exchange Commission, Washington, D.C. |

Petition for a review of a decision of the United States Securities and Exchange Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Timothy S. Dembski petitions for review of a March 24, 2017 decision issued by the United States Securities and Exchange Commission ("SEC" or the "Commission") finding that he violated, and aided, abetted, and caused violations of antifraud provisions of the federal securities laws and imposing remedial sanctions. The SEC initiated an investigation of Dembski and his investment advising firm, Reliance Financial Advisors, LLC, and then upheld an Administrative Law Judge's findings that Dembski violated Section 17(a)(2) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Exchange Act Rule 10b-5, and that Dembski violated Section 206 of the Investment Advisers Act of 1940 and Advisers Act Rule 206(4)-8, by making material misstatements and omissions in the offer and sale of securities. The SEC barred Dembski for life from the securities industry, ordered him to cease-and-desist from further securities law violations, and imposed disgorgement plus prejudgment interest and two third-tier civil monetary penalties. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We will affirm the Commission's findings of fact if they are supported by substantial evidence. *VanCook v. SEC*, 653 F.3d 130, 137 (2d Cir. 2011); *see MFS Sec. Corp. v. SEC*, 380 F.3d 611, 617 (2d Cir. 2004). "Substantial evidence" is evidence

that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under the Administrative Procedure Act, which applies to our review of Commission orders, we will set aside the actions, findings, or conclusions of law only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see D'Alessio v. SEC*, 380 F.3d 112, 120 (2d Cir. 2004). We will not disturb the Commission's choice of sanction unless it is "unwarranted in law or without justification in fact." *VanCook*, 653 F.3d at 137 (quoting *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 186 (1973)).

In order to establish primary liability under Section 10(b) and Rule 10b-5, the SEC must show "that in connection with the purchase or sale of a security the defendant [here Dembski], acting with scienter, made a material misrepresentation (or a material omission if the defendant had a duty to speak) or used a fraudulent device." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1467 (2d Cir. 1996). A violation under Section 17(a)(2) does not require scienter. *In re David Henry Disraeli*, Release No. 2686, 2007 WL 4481515, at *5 (Dec. 21, 2007). Facts supporting a Securities Act Section 17(a) or an Exchange Act Section 10(b) violation by an investment adviser will also support a showing of a Section 206 violation under the Advisers Act. *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 383 (S.D.N.Y. 2007). Advisers Act Section 206 therefore "prohibits failures to disclose material information, not just affirmative frauds." *Disraeli*, 2007 WL 4481515, at *8; *see also SEC v. Capital Gains Research*

3

*Bureau, Inc.*, 375 U.S. 180, 191–92 (1963). Scienter is required for a Section 206(1) violation but need not be found for a violation of Sections 206(2) or (4). *Disraeli*, 2007 WL 4481515, at *8.

At the initial hearing, the ALJ heard eleven fact witnesses, one expert witness, and admitted 296 exhibits. *See In re Reliance Financial Advisors, LLC*, SEC Release No. 941, 2016 WL 123127, at *1 (ALJ Jan. 11, 2016). Substantial and probative evidence supports the Commission's findings that Dembski made, or caused to be made, a significant number of false statements or misrepresentations to his client-investors. Eight of the nineteen client-investor witnesses all provided consistent and overlapping accounts of the multiple misrepresentations that Dembski made to them regarding investing in the Prestige Fund (the Fund) and the "tested and proven" low-risk associated therewith. *See id.* at *2, *7–13; *see also Markowski v. SEC*, 34 F.3d 99, 104–05 (2d Cir. 1994). Those misrepresentations included, but were not limited to, informing the client-investors that the Fund was FDIC-insured, that Dembski was working on patenting the algorithm, that backtesting of the algorithm involved real trades and orders and was tested and proven to demonstrate losses would be limited to 1%, that investments in the Fund could be withdrawn at any time, and that the Fund's daily trading would be run by someone with significant experience in securities trading. *Reliance Financial Advisors*, 2016 WL 123127, at *13–14.

Substantial evidence also supports the Commission's findings that the misrepresentations were material and that Dembski made them with scienter or recklessly. *See Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988) (stating a

misrepresentation is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available" (internal quotation marks omitted)); *First Jersey Sec., Inc.*, 101 F.3d at 1467 ("Scienter, as used in connection with the securities fraud statutes, means intent to deceive, manipulate, or defraud; or at least knowing misconduct." (citations omitted)). The client-investor testimony was corroborated by the testimony of Dembski's partners in Reliance and the Fund, who confirmed Dembski made the false statements knowingly or negligently with the intent to induce his clients to invest in the Fund. *See Reliance Financial Advisors*, 2016 WL 123127, at *3–6, *13–14. The documentary exhibits further demonstrated that Dembski knowingly submitted false information about Stephan's work experience to be included in the private placement memorandum for the same purpose. The witness testimony and the documentary evidence constitute substantial evidence supporting the Commission's findings that Dembski, with intent to deceive, manipulate, or defraud, made material misrepresentations either recklessly or with scienter. *VanCook*, 653 F.3d at 137; *First Jersey Sec., Inc.*, 101 F.3d at 1467. As both co-founder and managing member of the Fund, Dembski was liable for his own material misrepresentations and those of the Fund that were made in his capacity as an investment adviser. *See Abrahamson v. Fleschner*, 568 F.2d 862, 870 (2d Cir. 1977).

In challenging the Commission's Opinion and Order, Dembski asserts that every witness, other than he, who took the stand at the hearing before the ALJ

committed perjury. We decline, however, to disturb credibility determinations on appeal absent a showing that the factfinder's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See D'Alessio*, 380 F.3d at 120 (quoting 5 U.S.C. § 706(2)). Dembski makes no such showing here.

Dembski's reliance on advice of his counsel is similarly unavailing. To invoke this principle, Dembski would need to show "that he made complete disclosure to counsel, sought advice as to the legality of his conduct, received advice that his conduct was legal, and relied on that advice in good faith." *Markowski*, 34 F.3d at 104–05. Dembski does not meet that test here. And even if these prerequisites were satisfied, such reliance is not a complete defense, but only one factor for consideration. *Id.* In light of the substantial evidence supporting the Commission's findings in this case, Dembski's reliance upon advice of counsel, even if established, would not furnish a ground for reversal.

Finally, Dembski challenges the sanctions as too severe and contends that the Commission abused its discretion in affirming the sanctions but increasing the civil penalty. However, we will not overturn the setting of sanctions by an administrative body unless the sanctions are "unwarranted in law or without justification in fact." *VanCook*, 653 F.3d at 137 (quoting *Butz*, 411 U.S. at 186). The Commission found that the egregiousness of Dembski's misconduct and the need for appropriate deterrence warranted the sanctions imposed. We affirm the sanctions as both warranted in law and justified in fact.

Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk